**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MINDEN PICTURES, INC., <br> Plaintiff, <br><br> v. <br><br> HOPPER (USA), INC., <br> Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Minden Pictures, Inc. ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Hopper (USA), Inc. ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2.      Plaintiff is a California corporation with a principal place of business at 9565 Soquel Drive, Suite 202, Aptos, California, 95003.

3.      Upon information and belief, Defendant is a foreign business corporation registered in the Commonwealth with the Secretary of State's Corporations Division and operating a principal place of business at 265 Franklin St., #1702, Boston, Massachusetts 02110.

## JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper.  Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      Plaintiff's Business**

7.      Plaintiff is recognized as the premier provider of rights managed wildlife and nature stock photos and feature stories, with a collection that covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions.  Its photographic works represent the finest images by an award-winning group of natural history photographers including many regular contributors to *National Geographic*.

8.      Plaintiff licenses its works for professional applications including editorial, advertising, corporate, and non-profit use.

9.      Plaintiff is the exclusive licensee of the photographic image by the celebrated photographer Suzi Eszterhas at issue in this litigation, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

2

10.     The Copyrighted Work is an original work of authorship.

11.     Plaintiff is the beneficial owner as exclusive licensee of the copyrights in and to the Copyrighted Work.

12.     Plaintiff has obtained registration with the United States Copyrighted Office for the Copyrighted Work.  Attached hereto as Exhibit B is a copy of the certificate for registration obtained from the United States Copyright Office.

**B.     Defendant's Unlawful Activities**

13.     Within the last three years, Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

14.     Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, used in the creation of derivative works, and publicly displayed, without Plaintiff's authorization, at a post to a website on the Internet, screenshots of which are attached hereto as Exhibit C.

15.     Upon information and belief, Defendant's business known as PlacePass owns, operates, or controls the infringing website, https://activities.marriott.com site, depicted in Exhibit C.  Defendant, upon information and belief had access to the Copyrighted Work on the Internet from which, without authorization from Plaintiff, Defendant, or an agent acting on its behalf, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of the infringing webpages to attract users to visit and purchase travel packages at the infringing website for the commercial purpose of generating revenue, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

16.     Defendant's infringement did not begin and end with the first publication of the Copyrighted Work of Plaintiff on Defendant's various websites because Defendant stored the Copyrighted Work on computer servers and computer systems and machines owned by Defendant where, in the last three years, the Copyrighted Work was reproduced, distributed, and publicly displayed by Defendant each time computer users viewed Defendant's infringing webpages.  In order for computer users to view the Copyrighted Work on monitors of computers and screens of electronic devices connected to the Internet, Defendant had to reproduce digital copies of the Copyrighted Work from its servers and then distribute the digital copies through the Internet to the computer monitors and display screens where the Copyrighted Work was then publicly displayed without Plaintiff's authorization.

17.     Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work within the last three years.

18.     Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

19.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's copyrights in that Defendant, a sophisticated company, knew or should have known of the need to seek a license for the use of the Copyrighted Work, knew it did not have a license to use Plaintiff's Copyrighted Work and deliberately did so anyway, operating under the theory that, if it is caught in the act of infringement, the costs of infringement are a small price of doing business.

**C.     Discovery of Defendant's Unlawful Activity**

20.     Plaintiff discovered these infringements after diligently searching the Internet for

4

uses of Plaintiff's Copyrighted Work.  Over the last ten years or so, Plaintiff's diligent efforts to discover these infringements include Plaintiff engaging various third-party technology companies to search the Internet for unlawful use of Plaintiff's Copyrighted Work.  These companies present Plaintiff with numerous findings on a regular basis and Plaintiff diligently reviews the findings to determine whether the use is authorized and commercial in nature.  For example, there are currently 1,400 uses in Plaintiff's inbox for review from one of these search companies.  Once Plaintiff determines the use of a copyrighted work is unauthorized and commercial, it fulfills its obligations to its photographers by pursuing a licensing fee from the infringer, first, in some instances, by permitting the search service who notified Plaintiff of the infringement to engage in negotiations with the infringer, and then, if those negotiations fail, Plaintiff engages counsel to pursue the infringement claim in federal court.

21.     Plaintiff engages different image search services concurrently to routinely search the Internet for uses of Plaintiff's copyrighted works because none of these companies have been able to locate every use of Plaintiff's copyrighted works on the Internet, after years of searching, and each has offered different findings over the years.  Plaintiff believes these companies are not able to find every use of Plaintiff's copyrighted works on the Internet because the Internet is such an enormous expanse of data points.  One of these search companies has reported that there are 3.2 billion to 5 billion photos uploaded to the Internet every day, which on the low end comes to 1.68 trillion per year.  This particular search company reports that there are more photos uploaded to the Internet every day than a typical search company can process in a year.  Accordingly, not every search by Plaintiff discloses every unlawful use of Plaintiff's copyrighted works.  Plaintiff is thus not surprised that the diligently conducted searches more than three years prior to discovery did not disclose Defendant's use of the Copyrighted Work but searches conducted more recently did disclose Defendant's infringements.

5

22.      The failure to discover these infringements sooner occurred not due to a lack of reasonable effort by Plaintiff but due to the vast amount of data on the Internet to be search and the inability of the technology currently available on the market to locate in a few searches every infringing use of photographs in Plaintiff's vast catalogue.  Plaintiff understands and believes that it is not, and should not, be considered at fault for not discovering these infringements sooner than it did.

## FIRST CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

23.      Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24.      The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

25.      As exclusive licensee, Plaintiff has sufficient rights, title, and interest in and to the copyrights in the Copyrighted Work to bring suit.

26.      Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

27.      By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative work, and publicly displaying the Copyrighted Work at the infringing website.

28.      Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

29.      As a direct and proximate result of Defendant's infringement of Plaintiff's

exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

30.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

31.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

32.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

33.     As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above was done by a third-party, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

34.     For example, should Defendant claim the infringing content was posted on its website by affiliates or other companies associated with Marriott or providers of the travel packages at the Marriott website, Defendant had either actual or constructive knowledge of the infringing conduct based on the numerous times that copyright owners have sued for copyright infringement in this Court over the use of content at the website at issue.

35.     Defendant induced, caused or materially contributed to the infringing conduct

described above by providing not only the knowhow and encouragement to use the content at issue from the internet without a license but also providing the computer systems, servers, and web design technology crucial to the use of the infringing content at issue.

36.     By their actions, as alleged above, Defendant's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

37.     Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendant have profited at the expense of Plaintiff.

38.     As a direct and proximate result of Defendants' contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

39.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

40.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

41.     Plaintiff is entitled to it costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

42.     Defendant's conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

43.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

44.     As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly infringe Plaintiff's copyrights and the direct infringement described above was caused by its predecessor in interest, ETMA, Inc. d/b/a Placepass, Defendant has profited from the direct infringement described above while declining to exercise a right to stop it.

45.     Defendant had the right or ability to control the infringement.

46.     Plaintiff had the right and ability to remove the infringing copies of the Copyrighted Work.

47.     Plaintiff had the right and ability to cease the unlawful distribution of the Copyrighted Work.

48.     Plaintiff had the right and ability to cease the unlawful public display of the Copyrighted Work.

49.     As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

50.     Defendant had a direct financial interest in the reproduction, distribution, and public display of the Copyrighted Work and Defendant benefitted from the direct infringement

by earning substantial profits from advertising at the infringing website.

51.     As a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyrights in the Copyrighted Work, Plaintiff is entitled to recover this actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

52.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

53.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Defendant, or such other amounts as may be proper under 17 U.S.C. § 504(c).

54.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

55.     Defendant's vicarious infringement has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiffs exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2.     A declaration that such infringement is willful;

3.      An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.      Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.      For such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of

Civil Procedure.

Dated: June 14, 2023

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
(BBO No. 569008)
Law Office of R. Terry Parker
PO Box 1973
Concord, NH 03301
Tel. (603) 491-2365
Email : terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*Minden Pictures, Inc.*